# United States Court of Appeals

*for the*

# Third Circuit

Case No. 12-8022

WILLIAM HAYES, on behalf of himself and all others similarly situated,

*Plaintiff-Respondent,*

– v. –

WAL-MART STORES, INC. d/b/a Sam's Club;
ABC CORPORATIONS I-V (fictitious names),

Wal-Mart Stores, Inc. d/b/a Sam's Club,

*Defendant-Petitioner.*

ON PETITION FOR PERMISSION TO APPEAL FROM AN ORDER ENTERED IN
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
CAMDEN AT NO. 1:10-CV-00460 (JBS)

## ANSWER OF PLAINTIFF-RESPONDENT WILLIAM HAYES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, IN OPPOSITION TO PETITION FOR PERMISSION TO APPEAL

DANIEL LAPINSKI, ESQ.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000

*Attorneys for Plaintiff-Respondent
William Hayes, on behalf of himself
and all others similarly situated*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................ 1

II.   RELEVANT FACTS ...................................................................... 2

      A.   Sam's Club Sold Service Plans To Cover Products
          Explicitly Excluded From Coverage By The Terms Of
          The Plan .............................................................................. 2

      B.   Sam's Club's Sale Of As-Is Products .................................. 2

      C.   Sam's Club Sale Of Service Plans On As-Is Products ....... 3

      D.   Service Plans On As-Is Products Have No Value At The
          Time Of Sale ....................................................................... 4

      E.   Plaintiff-Respondent's Purchase Of Service Plans ............ 5

III.  REASONS WHY PETITION SHOULD DENIED ...................... 6

      A.   The District Court Properly Analyzed Whether The
          Proposed Class Definition Was Readily Ascertainable ..... 7

      B.   The District Court Properly Analyzed The Rule 23(a)
          Numerosity Requirement .................................................... 12

      C.   The District Court Properly Found That The Rule
          23(b)(3) Predominance Requirement Is Satisfied .............. 15

IV.   CONCLUSION .............................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

*Cases:*

*Agostino v. Quest Diagnostics, Inc.*,
    256 F.R.D. 437 (D.N.J. 2009)......................................................... 7, 8

*Allen v. Holiday Universal*,
    249 F.R.D. 166 (E.D. Pa. 2008)..................................................... 9

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) ................................................... 15

*Beck v. Maximus*,
    457 F.3d 291 (3d Cir. 2006) ......................................................... 7

*Cannon v. Cherry Hill Toyota, Inc.*,
    184 F.R.D. 540 (D.N.J. 1999)........................................................ 12, 15

*Chiang v. Veneman*,
    285 F.3d 256 (3d Cir. 2004) ......................................................... 15, 16

*Clavell v. Midland Funding LLC*,
    2011 U.S. Dist. LEXIS 65721 (E.D. Pa. June 21, 2011).............. 11

*Cuming v. S. Carolina Lottery Com.*,
    2008 U.S. Dist. LEXIS 26917 (D.S.C. Mar. 31, 2008)............... 11

*Dewey v. Volkswagen of Am.*,
    728 F. Supp. 2d 546 (3d Cir. 2010)............................................ 12

*Elias v. Ungar's Food Prods., Inc.*,
    252 F.R.D. 233 (D.N.J. 2008)........................................................ 15

*Freid v. Nat'l Action Fin. Svcs., Inc.*,
    2011 U.S. Dist LEXIS 43120 (D.N.J. Apr. 20, 2011).................. 13, 14

*Hassine v. Jeffes*,
    846 F.2d 169 (3d Cir. 1988) ......................................................... 18

*In re Hydrogen Peroxide Antitrust Litig.*,
    522 F.3d 305 (3d Cir. 2008), ....................................................... 14, 15

*In re Life USA Holdings, Inc. Ins. Litig.*,
190 F.R.D. 359 (E.D. Pa. 2000), *vacated and remanded on
other grounds*, 242 F.3d 136 (3d Cir. 2001) ................................. 13

*Keller v. Macon County Greyhound Park, Inc.*,
2011 U.S. Dist. LEXIS 31777 (M.D. Ala. Mar. 24, 2011) .......... 10

*Lyons v. Caterpillar, Inc.*,
194 F.R.D. 206 (E.D. Pa. 2000)..................................................... 15

*Mann v. TD Bank, N.A.*,
2010 U.S. Dist. LEXIS 112085 (D.N.J. Oct. 20, 2010) .............. 11

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001) ........................................................ 6, 7

*Rowe v. E.I. Dupont De Nemours & Co.*,
262 F.R.D. 451 (D.N.J. 2009)...................................................... 8, 9

*Stewart v. Abraham*,
275 F.3d 220 (3d Cir. 2001) ......................................................... 12

*Sullivan v. DB Invs., Inc.*,
2011 U.S. App. LEXIS 25185 (3d Cir. Dec. 20, 2011)............... *passim*

*White v. Williams*,
208 F.R.D. 123 (D.N.J. 2002)....................................................... 7-8

**Rules and Statutes:**

Fed. R. Civ. P. 23 ......................................................................... *passim*

Fed. R. Civ. P. 23(a) ..................................................................... *passim*

Fed. R. Civ. P. 23(b)(3) ................................................................ *passim*

Fed. R. Civ. P. 23(f) ...................................................................... *passim*

Fed. R. App. P. 5(a)......................................................................... 1

N.J.S.A. § 56:8-2............................................................................. 2

## I.    INTRODUCTION

On March 12, 2012, Chief Judge Jerome B. Simandle of the United States District Court for the District of New Jersey entered an Opinion and Order for Class Certification in the matter of *Hayes v. Wal-Mart d/b/a Sam's Club*, Civil Action No. 10-460 (JBS/JS).  In so doing, the district court certified a New Jersey class of Sam's Club members defined as follows:

> All consumers who, from January 26, 2004 to the present, purchased from Sam's Clubs in the State of New Jersey, a Sam's Club Service Plan to cover as-is products.  Excluded from the Class are consumers whose as-is product was covered by a full manufacturer's warranty, was a last-one item, consumers who obtained service on their product, and consumers who have previously been reimbursed for the cost of the Service Plan.

Unhappy with the Court's well-reasoned Opinion, Defendant-Petitioner, Wal-Mart d/b/a Sam's Club ("Sam's Club") now asks this Court to review the Opinion and Order for Class Certification pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5(a).

As outlined below, Sam's Club's Petition should be denied because, in granting class certification, the district court applied sound and proper analysis in holding that: (1) numerosity had been satisfied; (2) that the Class was ascertainable in light of the certified Class definition; and (3) that common questions of law and fact predominated over individual issues, if any.

## II.    RELEVANT FACTS

### A.    Sam's Club Sold Service Plans To Cover Products Explicitly Excluded From Coverage By The Terms Of The Plan

This matter involves Sam's Club's marketing, representation and sale of extended warranties (hereinafter "Service Plans") to its members to cover as-is products.  A-1 at 0002a.  Sam's Club makes these sales without disclosing the fact that the Terms and Conditions applicable to the Service Plans expressly exclude as-is products from coverage.  A-1 at 0029a.  No reasonable consumer would purchase a Service Plan to cover a product that was explicitly excluded from coverage by the express terms of the Service Plan.  As a result of Sam's Club's unlawful conduct, Plaintiff-Respondent (hereinafter "Respondent") asserts claims for violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, as well as causes of action for breach of contract and unjust enrichment.  A-1 at 0005a.

### B.    Sam's Club's Sale Of As-Is Products

Sam's Club is a membership-only retail warehouse club that sells groceries and general merchandise, including the sale of as-is products.  A-1 at 0002a.  As-is products are marked with an orange sticker and the sale of these as-is products result in a price override.  A-1 at 0002a.  In addition to the sale of an as-is product, a price override can be made for only certain other reasons – scanned item is different from the posted price; a competitor is offering the same item for less; or a member purchases an item and later discovers that it is on sale.  A-1 at 0003a.

Sam's Club's point-of-sale software captures the fact that an item was subject to a price override, but does not capture the reason for the price override.  A-1 at 0003a.

### C.    Sam's Club Sale Of Service Plans On As-Is Products

Sam's Club offers its members the option of purchasing Service Plans.  A-1 at 0003a.  While Sam's Club sells Service Plans, a third party, National Electronics Warranty Corp. ("NEW"), handles registration and service claims brought under the Service Plans.  *See* Petition at 5.  *See also* A-1 at 0003a.  The Service Plans sold by Sam's Club expressly exclude "products sold 'as is' including but not limited to floor models (unless covered by a full manufacturer's warranty on your date of purchase) and demonstration models."  A-1 at 0003a – 0004a (quoting Sam's Club Service Agreements Terms and Conditions).  Orange label items (including all as-is items) do not come with a warranty from the manufacturer and, thus, do not fall within the "full manufacturer's warranty" exception stated in the Service Plan.  *See* A-1 at 0038a ("The issue around orange label items is the warranty period.  Those items are sold 'as is' ***and do not come with a warranty from the manufacturer***." (emphasis added)).  As such, as-is products sold by

Sam's Club, which are all orange label items, do not have a full manufacturer's warranty at the time of sale. [1]

### D. Service Plans On As-Is Products Have No Value At The Time Of Sale

At the time Sam's Club sells a Service Plan to cover an as-is product, the Service Plan has no value because the as-is product purportedly covered under the Service Plan is expressly excluded, and the as-is product (an orange label item) is not covered by a full manufacturer's warranty. A-1 at 0003a-0004a; 0023a; 0038a. Plaintiff and class members paid money for a product with no value and received no consideration from Sam's Club for the money paid. A-1 0023a.

Although NEW has represented to Sam's Club that it would honor a Service Plan that was sold on an as-is product (A-1 at 0037a), NEW is not bound to do so and would not be doing so pursuant to the terms of the Service Plan sold on an as-is product. *See* A-1 at 0003a-0004a (express exclusion of as is products from Service Plan). Along the same lines, to the extent NEW has expressed an intent to honor Service Plans sold on an as-is products, NEW's intent has only been disclosed to Sam's Club. Neither Sam's Club nor NEW have informed purchasers

---

[1]    Because as-is products do not come with a warranty from the manufacturer, there are no "consumers whose as-is product was covered by a full manufacturer's warranty" and, as such, no Class member is excluded from the Class on this basis. Along these lines, Defendant's argument that there is no way to determine whether someone fits within the amended Class definition because there is no way of knowing if the product had a full manufacturer's warranty is illusory. Petition at 19.

of NEW's intent to honor such Service Plans. Regardless, whether Sam's Club or a third party made a *post hoc* decision to "honor" Service Plans sold on as-is products, such decision does affect the value of the Service Plan. The asserted willingness to "honor" a Service Plan sold on an as-is product is entirely gratuitous because neither Plaintiff nor Class members have entitlement to it and cannot enforce it.

As such, at the time a Service Plan is sold to cover an as-is product, the as-is product has no manufacturer's warranty(A-1 at 0038a), the as-is product is expressly excluded from the Service Plan (A-1 at 0003a – 0004a), NEW has no obligation to service the as-is product (A-1 at 0003a – 0004a), a class member has no means by which to enforce the Service Plan, and the Service Plan has no value. (A-1 at 0023a).

### E.    Plaintiff-Respondent's Purchase Of Service Plans

Respondent is currently and has been a member of Sam's Club for more than ten years. A-1 at 0004a. On August 7, 2008, Respondent purchased an as-is power washer from Sam's Club. A-1 at 0004a. At the time of purchase, the Sam's Club cashier offered Respondent a Service Plan, despite the power washer being sold as-is. A-1 at 0004a. Sam's Club instructs its employees to "Offer Every Time" when selling Service Plans. A-1 at 004a.

Respondent purchased the Service Plan to cover the as-is power washer for $5.26. A-1 at 0004a. Respondent was never informed by anyone that the Service Plan specifically excluded as-is products, including Respondent's power washer. A-1 at 0004a. Nor was Respondent ever informed that his as-is power washer was not covered by a full manufacturer's warranty. A-1 at 0038a ("The issue around orange label items is the warranty period. Those items are sold 'as is' and do not come with a warranty from the manufacturer."); A-1 at 0036a (Respondent testimony that he was not aware of whether his as-is power washer came with a manufacturer's warranty). Respondent never received service pursuant to the Service Plan, nor was he ever offered a refund on the Service Plan that specifically excluded his as-is power washer. A-1 at 0010a.[2]

## III.    REASONS WHY PETITION SHOULD DENIED

"[T]he court of appeals are afforded wide latitude as 'permission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 163 (3d Cir. 2001) quoting Comm. Note, Fed. R. Civ. P. 23(f). "if granting the appeal… would permit [the Court] to address (1) the possible case-ending effect of an imprudent class certification decision…; (2) an erroneous

---

[2]    Respondent also purchased a Service Plan in conjunction with the purchase of an as-is television. A-1 at 0004a. However, the district court determined that Respondent's claims regarding the Service Plan sold with the as-is television were moot. A-1 at 0027a.

ruling; or (3) facilitate development of the law on class certification, then granting the motion would be appropriate." *Id.* at 165.

In deciding whether to grant or deny a petition, the Court should be mindful that "class certification decisions often involve 'familiar and almost routine issues that do not necessitate interlocutory appeal." *Id.* "District courts have discretion under Rule 23 to certify a class," *Beck v. Maximus*, 457 F.3d 291, 297 (3d Cir. 2006), and interlocutory review should "tak[e] into account the discretion the district court possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review." *Newton*, 259 F.3d at 164 (internal citations omitted).

In the present matter,  the district court used sound discretion in certifying this action as a class action.  The decision to certify the Class was neither erroneous nor unique to the develop of the law on class certification.  As such, this court should deny Sam's Club's petition for permission to appeal.

## A.    The District Court Properly Analyzed Whether The Proposed Class Definition Was Readily Ascertainable

Ascertainability is an implied criterion that requires determination of class members "based on objective criteria." *Agostino v. Quest Diagnostics, Inc.*, 256 F.R.D. 437, 478 (D.N.J. 2009).  A class "must not be amorphous, vague, or indeterminate and it must be administratively feasible to determine whether a given individual is a member of the class." *White v. Williams*, 208 F.R.D. 123, 129

(D.N.J. 2002) (internal quotations omitted).  Significantly, an aspect of ascertainability ignored by Sam's Club is that it focuses on the need for ***individual class members*** to identify whether they are in the class.  *See Agostino*, 256 F.R.D. at 479 (noting that "[u]nder Rule 23(b)(3), ***class members*** have to be able to determine whether they are in the class so that they can decide whether to exercise their rights to object or opt out of the class." (emphasis added)).

In the present matter the Class description is sufficiently definite – all consumers who, from January 26, 2004 to the present, purchased from Sam's Clubs in the State of New Jersey, a Sam's Club Service Plan to cover as-is products.[3]  The certified Class definition readily enables an individual to identify whether he or she is a member of the Class based upon the purchase of a specific product, during a specified period of time, within a specified geographic location. *See Rowe v. E.I. Dupont De Nemours & Co.,* 262 F.R.D. 451, 455 (D.N.J. 2009) (finding an ascertainable class where the class definition specifies an identifiable group that was harmed, location, and time).

That the district court also identified those persons who would be excluded from the Class does not in any way undercut the efficient manner in which the

---

[3]     The district court further defined the Class by identifying certain exclusions: "Excluded from the Class are consumers whose as-is product was covered by a full manufacturer's warranty, was a last-one item, consumers who obtained service on their product, and consumers who have previously been reimbursed for the cost of the Service Plan."

Class definition enables individuals to identify whether they are a member of the Class. In that regard, Sam's Club's argument that the certified Class definition is not ascertainable because it requires fact-intensive mini-trials to determine whether a particular Class member falls within the amended Class definition is misplaced. *See* Petition at 11. To start, the portion of the certified Class definition to which Sam's Club raises issues – identification of those who would be excluded –has no bearing on who "falls within the amended class definition." To the contrary, the exclusion identified in the Class definition provides insight as to who is ***excluded*** from the readily identifiable Class because they have suffered no injury.

At the class certification stage, "plaintiffs need not prove that class members have been injured for purposes of defining the class." *Rowe*, 262 F.R.D at 45. As this Court has held, "Rule 23 does not require a district court to determine whether class members individually have a colorable claim." *Sullivan v. DB Invs., Inc.*, 2011 U.S. App. LEXIS 25185, *77 (3d Cir. Dec. 20, 2011) (*en banc*). "Indeed, in many class actions, class members do not know that they have been injured, or do not consider themselves to have suffered an injury, because they do not know that defendant's action is illegal." *Allen v. Holiday Universal*, 249 F.R.D. 166, 172, fn. 3 (E.D.Pa. 2008) (certifying class of all persons who entered into a contract for health club services and who paid a fee in excess of $100, and holding that where defendants had violated a statute all persons involved in such transactions have

been injured, regardless of whether they personally consider themselves to have been injured).  The district court addressed the arguments put forth by Sam's Club regarding a Class definition that may include Class members who suffered no injury, and the district court rightly determined that the arguments did not affect whether the Class is readily ascertainable.  A-1 at 0015a.  *See also* A-1 at 0015a ("The Defendant's concerns address whether members of the class suffered actual damages, which is a more appropriate consideration for the numerosity requirement, not ascertainability.  Specifically:  'the question of whether an individual suffered actual damages does not in any way affect the ascertainability of the class.'" (quoting *Keller v. Macon County Greyhound Park, Inc.*, 2011 U.S. Dist. LEXIS 31777, *10 (M.D. Ala. Mar. 24, 2011)).

Tellingly, this Court has previously recognized that class definitions containing exclusionary language such as that used in defining the current Class satisfy Rule 23 requirements and do not require fact-intensive mini-trials.  *See Sullivan*, 2011 U.S. App. LEXIS 25185 at *17 - *18, upholding certification of class where class definition:

> exclude[s] Defendants, the officers, directors or employees of any Defendant, any entity in which any Defendant has a controlling interest, any affiliate of any Defendant, Defendants' Competitors, any person or entity which is or was a Sightholder for the time period(s) during which such person or entity had Sightholder status, any federal, state, or local government entity, and any judicial officer…

Accepting Sam's Club's argument, the class definition in *Sullivan* would be overly broad and not readily ascertainable because fact-intensive mini-trials would be required to determine whether each class member was subject to any of the exclusion enumerated in the class definition. Such is not the law of this Circuit.

Defendant's reliance upon *Mann v. TD Bank, N.A.*, 2010 U.S. Dist. LEXIS 112085 (D.N.J. Oct. 20, 2010), is unpersuasive. In *Mann*, the district court found plaintiffs' class to be over inclusive and too indeterminate, not because it would require individual hearings to determine who should be excluded form the class, but because it would require individual hearings to establish who qualifies as a class member. *Id.* at *38-*39. The court noted that "although the Defendants can produce a list of all cards that incurred dormancy fees, there is no systematic means for determining who ultimately received those cards or when the purchasers gave their cards away [before or after incurring a monthly dormancy fee]." *Id.* at *39. In contrast, the Class definition certified by the district court in the present matter readily identifies every Class member (as do Defendant's records), and goes a step further by identifying those Class members who are subject to exclusion.[4]

---

[4]     Sam's Club's analysis of other case law to support its "mini-trial" proposition is equally unavailing. *See Cuming v. S. Carolina Lottery Com.*, 2008 U.S. Dist. LEXIS 26917, *9 (D.S.C. Mar. 31, 2008) (finding class not "sufficiently definite because, **to become a class member**, "prospective members would have to show that they purchased [lottery tickets] that offered a chance to win top prizes that were no longer available at the time of sale."); *Clavell v. Midland Funding LLC*, 2011 U.S. Dist. LEXIS 65721, *11 (E.D. Pa. June 21, 2011) (where inclusion

**B.     The District Court Properly Analyzed The Rule 23(a) Numerosity Requirement**

"In determining whether the numerosity requirement is satisfied, the court should consider the *estimated* number of parties in the proposed class." *Cannon v. Cherry Hill Toyota, Inc.*, 184 F.R.D. 540, 543 (D.N.J. 1999) (emphasis added). "While no minimum number of plaintiffs is required, 'generally if the named plaintiff demonstrates that the *potential* number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.'" *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 565 (3d Cir. 2010) quoting *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) (emphasis added).    "The plaintiff *need not precisely enumerate the potential size* of the proposed class." *Id.*

In the present matter, Respondent presented evidence that Sam's Club had sold approximately 3,500 Service Plans in conjunction with a price override transaction.  A-1 at 0006a.[5]    Sam's Club offered no evidence to refute Plaintiff's argument that each of these transactions involved the sale of a Service Plan for an as-is product.  *See* A-1 at 0003a ("Sam's Club has no method of identifying which Members purchased as-is products."); *see also* Petition at 4 (Sam's Club point-of-

---

in action depended on whether debt was time-barred, and whether debt was time-barred would have to be determined for each individual, class is not identifiable).
[5]    Sam's Club does not dispute the fact that 3,500 Service Plans were sold with an item subject to a price override during the relevant time period. A-1 at 0009a.

sale software does not capture the *reason* for the price override).[6]  The district

court found the unchallenged evidence proffered by Respondent sufficient to infer

numerosity.  A-1 at 0018a.  *See Freid v. Nat'l Action Fin. Svcs., Inc.*, 2011 U.S.

Dist LEXIS 43120, *20 (D.N.J. Apr. 20, 2011) (denying class certification but

recognizing that, in determining numerosity, a court may make inferences based

upon evidence presented).  The district court found numerosity to be satisfied by

applying common sense assumptions based upon the evidence that 3,500 Service

Plans were purchased in conjunction with a price override transaction.  *See In re*

*Life USA Holdings, Inc. Ins. Litig.*, 190 F.R.D. 359, 365 (E.D. Pa. 2000) ("the

Court is entitled to make common sense assumptions in order to support a finding

of numerosity."), *vacated and remanded on other grounds*, 242 F.3d 136 (3d Cir.

2001).  In particular, the district court recognized that even if only a small

percentage (5%) of the override involved as-is purchases with a Sam's Club

Service Plan, the numerosity requirement would be easily satisfied.[7]  A-1 at 0018a.

    Sam's Club improperly argues that the district court applied the wrong

burden of proof when considering whether the numerosity requirements of Rule

---

[6]    The district court also noted that "Plaintiff should not be forestalled from
class certification due to the Defendant's imprecise record keeping.  A-1 at 0018a.
[7]    Sam's Club erroneously argues that the district court based numerosity on an
inference that five percent of the overrides involved as-is purchases with a Sam's
Club Service Plan.  *See* Petition at 16.  However, the district court made no such
inference.  Instead, the district court used the five percent as an example of why the
inference of numerosity is justified.  *See* A-1 at 0018a.

23(a) had been satisfied.  However, as required by this Court's holding in *In re Hydrogen Peroxide Antitrust Litig.*, 522 F.3d 305, 309 (3d Cir. 2008), the district court thoroughly examined the facts in order to determine that the numerosity requirements of Rule 23(a) had been satisfied.  In examining those facts, the district court properly determined that the potential number of class members exceeds 40, and may potentially be has high as 3,500.[8]  A-1 at 0017a.

Sam's Club also misreads the district court's statement regarding Sam's Club's right to file a motion for decertification.  A-1 at 18; Petition at 17.  As compared to relieving Respondent of the burden to establish numerosity, the district court's direction regarding a motion for decertification is a reminder that, should evidence become available that undermines the numerosity requirement, Sam's Club has the right to move fore decertification.  However, until such a time, the evidence before the district court permits a finding of numerosity.  As a result of the aforementioned, the district court properly held that the Rule 23(a) numerosity requirement was satisfied, and the petition for this Court to permit appeal of the district court's decision on numerosity should be denied.

---

[8]    Sam's Club's reliance upon *Freid* is misplaced.  As compared to the present matter wherein Respondent offered evidence as to the potential number of class members, in *Freid*, "Plaintiff offer[ed] nothing from which this Court could infer that Defendant ever contacted a thirdy party… without consent."  *Freid*, 2011 U.S. Dist. LEXIS 43120 at *20-*21.

**C.     The District Court Properly Found That The Rule 23(b)(3)
Predominance Requirement Is Satisfied**

"Predominance tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Hydrogen Peroxide*, 552 F.3d at 310, quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). Predominance does not require that claims be identical. *Cannon*, 184 F.R.D. at 545. "In order to predominate, common issues must constitute a 'significant part' of the individual case." *Chiang v. Veneman*, 285 F.3d 256, 273 (3d Cir. 2004).

"To determine whether common issue predominate over questions affecting only individual members, the Court must look at each claim upon which plaintiffs seek recovery and identify the law that applies to the claim." *Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 246 (D.N.J. 2008). Once the court identifies the applicable law, it must determine whether proving the elements of plaintiff's claim(s) can be done through common questions or whether proof will be overwhelmed with individual issues. *See Lyons v. Caterpillar, Inc.*, 194 F.R.D. 206, 210 (E.D. Pa. 2000). The district court did the aforementioned in holding that Respondent had satisfied the predominance requirement of Rule 23. *See* A-1 0023a – 0025a (district court outlining the elements of each cause of action and opining as to how each element could be satisfied through common proof).

Significantly, whether Sam's Club's conduct was unlawful is to be determined ***at the time it sold a Service Plan*** on an as-is product, not at the time a

class member attempted to obtain a reimbursement for the cost of the Service Plan (if ever) or attempted to obtain service on an as-is product pursuant to the terms of the Service Plan (if ever). *See* A-1 at 0023a ("all three elements of NJCFA can be satisfied through common proofs since the harm alleged arose from the same course of conduct, namely the Defendant's *sale* of Service Plans on as-is products." (emphasis added)). This is the common issue that constitutes a significant part of the case. *See Chiang* at 273.

Sam's Club's arguments relating to predominance focus on whether or not a particular class member should be excluded from the class, and disclosed from receiving damages. However, Sam's Club's analysis ignores the realities that *inclusion* in the class is premised solely upon the purchase of a Service Plan to cover an as-is product from a Sam's Club in the State of New Jersey. Sam's Club has the right to challenge a Class member's *inclusion* in the class, and a Class member's right to individual damages, by presenting evidence that: (1) the Class member's as-is product was covered by a full manufacturer's warranty (which it could not have been);[9] (2) the Class member's as-is product was a last-one item (which Sam's Club may attempt to establish through its records); (3) the consumer obtained service on their product (which would be documented in NEW records);

---

[9]     *See* A-1 at 0038a ("The issue around orange label items is the warranty period. Those items are sold 'as is' and do not come with a warranty from the manufacturer.").

or (4) the consumer was reimbursed the cost of the Service Plan (which Sam's Club would have a record of).[10]

In *Sullivan*, this Court expressed its favorable view toward class actions generally and particularly in the consumer context. *See Sullivan*, 2011 U.S. App. LEXIS 25185 at *58 (resolution of claims in a single class action "advances the laudatory purposes of the class action device, preserving the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion.") (internal quotes and citation omitted). Moreover, the Court observed that class certification advances the "core purpose of Rule 23(b)(3), which is to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation." *Id.* at *89.

More importantly, this Court reiterated that Respondent's only obligation at the class certification stage is to establish the elements of Rule 23 by a preponderance of the evidence. *See Id.* at *68. Specifically, "Rule 23 does not require a district court to determine whether class members individually have a colorable claim." *Id.* at *77. The Court emphasized that plaintiffs "need not actually establish the validity of claims at the certification stage" and applied that

---

[10]    Sam's Club position that each class member be required to prove a negative, i.e., the he or she does not fall within one of the exclusion, is contrary to legal reasoning.

reasoning to the named plaintiff in addition to the absentee class members. *Id.* at
*68-69 ("The ability of a named plaintiff to succeed on his or her individual claims
has never been a prerequisite to certification of the class.") (quoting *Hassine v.
Jeffes*, 846 F.2d 169, 178 (3d Cir. 1988)). Therefore,

> The question is not what valid claims can plaintiffs assert; rather, it is
> simply whether common issues of fact or law predominate. Contrary
> to what the dissent and objectors principally contend, there is no
> "claims" or "merits" litmus test incorporated into the predominance
> inquiry beyond what is necessary to determine preliminarily whether
> certain elements will necessitate individual or common proof… An
> analysis of the legal viability of asserted claims is properly considered
> through a motion to dismiss under Rule 12(b)(6) or summary
> judgment pursuant to Rule 56, not as part of a Rule 23 certification
> process.

*Id.* at *66-67. In *Sullivan*, the Third Circuit approved of the class despite the fact
that many of its members would not have otherwise been able to collect damages.
Here too, the availability of damages is not a bar to certification. Accordingly, the
amount of Class members' individual damages, if any, is irrelevant under the Rule
23 analysis and does not prevent certification of the class.

The *Sullivan* opinion also clarifies that the court's concern at class
certification is whether common issues predominate over individual issues. As this
Court held, Third Circuit authority "provides that the focus of the predominance
inquiry is on whether the defendant's conduct was common as to all of the class
members, and whether all of the class members were harmed by the defendant's
conduct." *Id.* at *44. Examining Respondent's allegations from this viewpoint, it

is clear that Sam's Club's conduct in selling Service Plans to purchasers of as-is products that expressly excluded the as-is products from the terms of the contract is provable by common evidence.  In selling these Service Plans, Sam's Club accepted payment in exchange for a legally worthless document.  In this regard, Respondent and the Class were harmed at the time they paid for a nonexistent right to service, because they sustained a "legally cognizable injury acknowledged in hornbook law, as their injuries are real, and stem not from simply feeling 'wronged.'"  *See Id.* at *52-53.

## IV.    CONCLUSION

Sam's Club has failed to point to any erroneous ruling made by the district court but, instead, only questions the discretion employed by the district court in granting class certification.  Likewise, Sam's Club has failed to establish how a grant of its Petition would facilitate the development of this Court's well-established law on class certification.  Accordingly, Sam's Club's Petition for permission to appeal the district court's grant of class certification should be denied.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

By:   /s/ Daniel R. Lapinski
     Daniel R. Lapinski
     90 Woodbridge Center Drive
     Woodbridge, New Jersey 07095
     (732) 636-8000
     *Attorneys for Plaintiff and the Certified Class*

Dated:  April 6, 2012

## <u>CERTIFICATION OF ADMISSION TO BAR</u>

I,  Daniel R. Lapinski, certify as follows:

1.     I am a member in good standing of the bar of the United States Court of

Appeals for the Third Circuit.

2.     Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the

foregoing is true and correct.


By:   /s/ Daniel R. Lapinski
          Daniel R. Lapinski

### CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains **20 pages** by Rule 5(c) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection,  version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

By:   /s/ Daniel R. Lapinski
Daniel R. Lapinski

**AFFIDAVIT OF SERVICE**

DOCKET NO.  12-8022

-------------------------------------------------------------------------------X

William Hayes, et al.,

       vs.

Wal-Mart Stores, Inc., et al.

-------------------------------------------------------------------------------X

      I, Elissa Matias, swear under the pain and penalty of perjury,  that according to law and being over the age of 18, upon my oath depose and say that:

      on April 6, 2012

      I served the within Answer of Plaintiff-Respondent William Hayes, on Behalf of Himself and all Others Similarly Situated, in Opposition to Petition of Permission to Appeal in the above captioned matter upon:

      Charles B. Casper, Esquire
      Montgomery, McCracken, Walker & Rhoads
      123 South Broad Street
      28th Floor
      Philadelphia, PA  19109
      Attorneys for Defendant-Petitioner

via **electronic filing and electronic service**. as well as,  **Express Mail** by depositing  **2** copies of same, enclosed in a post-paid, properly addressed wrapper, in an official depository maintained by United States Postal Service.

Unless otherwise noted, copies have been sent to the court on the same date as above for filing via Express Mail.

**Sworn to before me on April 6, 2012**

/s/ Robyn Cocho                                                              /s/ Elissa Matias
Robyn Cocho                                                                  Elissa Matias
Notary Public State of New Jersey
No. 2193491
Commission Expires January 8, 2017

                                  Job # 241332